May it please the court, I'm Mark Clark. I'm representing the plaintiff appellant Brent Thompson. I'd like to reserve two minutes of my time for rebuttal. You may do so, Mr. McCarty. The primary point from our perspective is that the district court erred in applying the Baxter decision and finding a merger. The Oregon cases have uniformly held that the intent of the property holder controls whether or not a merger occurs. In the Baxter case, an exception was carved out there. And I think if the court reads the Baxter decision, we'll find that the predicate or the foundation for the Baxter exception is that there was a discount. When the grantee took the property in Baxter, there was a discount for the price for the trust deed and note that were taken. And from our reading of the cases, that is the key to the Baxter decision. Whereas in this case, we have evidence in the record with the affidavit of Mr. Thompson, the grantee, that the price was not discounted for the mortgage and the trust deed, which was outside the price. And we think that creates an issue of fact for the trial court. All right. What's the significance of the fact that Thompson did not assume the mortgage at the time of the original purchase? He took it subject to, did he not? Right. I'm not sure I can answer that. It's a direct question. I looked at the excerpt that the court sent us, quoting that, and I actually obtained a copy of the treatise upon which that came. And I noticed the lead sentence to that section where the excerpt came from, from the court, talks about assuming that somebody in Mr. Thompson's position on the front end assumed the mortgage. And quite frankly, I'm not sure under Oregon law that that really is a distinction. If you assume the mortgage, does that mean you also assume the debt? I'm sorry? If you assume a mortgage, do you also assume the debt that secures the mortgage? I would think so. I mean, the debt that the mortgage secures. I would think so. Now, where do you say that happens? Well, I guess what I'm saying, and I hope I'm directing the court's question. Explain to me why you said yes. Well, what I was trying to say is I don't think that whether or not Mr. Thompson originally assumed the mortgage, which he did not, I don't think that that is a key factor under Oregon law, under the Baxter decision or the walk-up decision or the Medford Pacific decision. Because I think if the court reads those, what they're going to find is the key factor is when the property was purchased subject to a note in a trustee, was there a discount on the purchase price? Because then the Baxter exception makes sense. Because then if somebody pays it off, they shouldn't be able to go and sue because they've only paid what they agreed to pay for the property. And all we're saying in this case is that predicate for Baxter, that there was a discount on the price, does not apply in this case. And that's where we think, rightly or wrongly, that's where we think the district court overread Baxter. And that's what we're asking this court to look at those cases and decide whether you agree. Because I think what the district court said is any time you assume you buy property subject to a mortgage in a trustee, that it's automatically as a matter of law part of the purchase price. And we do not think that's what those cases hold. The other two issues that we're asking the court to look at very briefly is on the assignment issue, the trial court ruled that, well, a merger occurred so the bank had nothing to assign. And we have two responses to that. One is there's a factual issue on merger relating to the discount. And number two, the whole issue of assignment, based on some old case, Oregon cases, including the Stark case, turns on the intent. It's not so much whether you take the assignment one week later or two weeks later or three weeks later. It seems to turn on the intent. And Mr. Thompson has an affidavit in the record that he fully intended to take the assignment. His lawyer was in a week of him paying off the note and trustee was going to the bank. The bank made the assignment before they reconveyed the trust deed. So we think there's a, just like on the first issue, there's an issue for a trier of fact. We think there's an issue on the assignment related to intent. And then the last issue, and frankly this is pretty esoteric, and I can't claim to be any expert on anti-merger clauses. But in this case, the district court ruled that the anti-merger clause in the trust deed that was assigned to Mr. Thompson did not provide him any shelter for merger because it only applied to third-party lenders. For the life of us, we ask you to look at that, we do not see anything in the language of the anti-merger clause that would limit it. So we would say that the anti-merger clause, in addition to the first two reasons, should be applicable and prevent merger. The only other issue I would mention. About attorney's fees? Yeah. The only other, well, of course, we'd like a reversal on the first instance. But if the court upholds the district court, our position is set forth in our brief is that really Judge Cooney and Judge Hogan said that when the note and trust deed were paid off, that they basically were extinguished. They were no longer there. And they even emphasized that's one of the reasons why my client could not get an assignment from the bank, because they had nothing once merger occurred. So all we're saying, you can't have it both ways. If the agreements are extinguished by merger, then you can't come over here and say, well, yeah, they're extinguished, but we want to apply them over here to collect attorney fees. And we're saying it's really not any different than rescission or a couple of the other cases where the court held contracts were unenforceable, including the care medical case, and then they said you can't say they're unenforceable and then get fees. Thank you. Thank you, counsel. You may reserve your remaining time. Thank you. We'll hear from the appellees. May it please the Court, Dave Paradis for the Handlers, Alexanders, and Thomas Burt. I want to get to the question the Court posed in the order, and I do thank you for sending that to us in advance, but I want to start with Baxter. And Baxter clearly holds that. Can I ask you to speak just a little louder? Sure. Baxter clearly holds that in a Subject 2 transaction, intent is not controlling, that the amount of the mortgage is a part of the purchase price, and that's the way the Oregon Court looks at it as a matter of law. That's imposed. So you think there is a difference between Subject 2 and Assumption? There is a difference insofar as in Assumption, the buyer grantee takes on personal liability for the note, whereas in a Subject 2, it's looked at as though the land is primarily liable for the note, and that's why I think they imposed the rule. That's the reason. The land is what the bank is going to look to now to pay the note, even though the original mortgagor is still personally liable on the note. But the reason they do this nuance is because the land is primarily liable, and the mortgagor is actually looked at as a surety, I believe, is the way it works. And that's the law in Oregon. We're in a diversity case, and really that's the law that applies. Just a comment with respect to the new view in the text. The update. In the casebook or in the textbook. Sure. It's Nelson and Whitman Real Estate Finance Law at page 519. It's not 519. It says, If the mortgagor was bound by agreement with the grantee to pay off the debt, an assignment of the debt in the mortgage to the grantee would not prevent the I looked at the treatise, and I think it's really unclear as to whether that's supposed to apply in a subject to transaction. The sentence itself appears in a paragraph that begins by talking about the application of the merger rule when the grantee assumes the debt. And then the next paragraph talks about the application of the rule when it's a subject to transaction. Also, I looked at the footnote. The authority for this, I guess maybe the second sentence, I don't know if it was supposed to be for both. It's footnote 26. I looked at that. That's an Alabama case called Barnett and Jackson v. McMillan. And that was a case where the plaintiff assumed the mortgage in question, and the issue was, and then he wanted to, subsequent purchasers actually, he wanted to use that mortgage to foreclose a second mortgage that was in existence at the time. And the court did look to evidence about what the transaction was and determined that when the buyer assumed the debt, he was supposed to satisfy it, not purchase it and take an assignment of it. And so in that particular case, the court did look to the intent to see whether the assuming grantee was to satisfy the mortgage or purchase it by assignment. So it really doesn't apply exactly to this case. And I think that, and if that's the case, there's really no case law authority for this statement, at least that the authors cited and that we've seen in our briefs to date. Well, now, what about Mr. Clark's argument that you can't have it both ways? If there is a merger and there's nothing to assign, how can you somehow still carve out the attorney's fee? That's a good question. And the way we've approached that is we've asked you to look at the cases they've cited that we don't get attorney's fees are rescission cases, that there was something wrong with the formation of the contract way back in the beginning. It's rescinded, and it's as though it never was. And we look at this particular scenario as we've performed the contract, and the contract's over. But if somebody comes in and says you didn't perform, then there's a way you can recover attorney's fees under that. You're looking at how, whether we've performed. And our theory is that through merger, we performed our obligations under the note in deed of trust. And that's the distinction. It's a slight distinction, but I think it's a valid one. Does the doctrine of unjust enrichment apply in this case? Well, that was their original complaint. And merger is an equitable doctrine, as I understand it. What mergers? When there's a merger, what mergers? Well, the rule's two parts. The debt's extinguished, and the lien merges with the title. Where'd you say that? Pardon me? What law says that when you merge two security interests, that also the debt merges? Whether or not the debt has been paid off or hasn't been paid off? That's what the case is. That's what Baxter says, is you can't enforce the note. What the person wanted to do in Baxter was he paid $1,500 for the property subject to two deeds of trust. He purchased a deed of trust. He took an assignment. He paid, like, $4,000. Even though there's unjust enrichment? No, no. He paid $4,000 for the $6,000 note and then sought to enforce the $6,000 note. And the court said the debt was extinguished as part of merger. That's the way it works. Further counsel? No. Mr. Clark? Very briefly, we do believe that the critical issue for trial is whether or not the purchase price was discounted. If it was, as claimed by the defendant's respondents, then merger doctrine is fair. My client should not be able to have a discount on the price and be able to sue to recover. But in this case, there's a factual issue. The only other thing I wanted to respond to is I don't think I did a very good job of responding to the court's question, and I want to articulate what I know and what I don't know. What I know under this excerpt is the issue of intent, which is the very last sentence of this excerpt, is consistent with Oregon law. In all the cases, say, the intent of the property holder, like Mr. Thompson, controls. What I don't know under Oregon law is this distinction, if there is a distinction, between subject to and assumption. I just didn't find that in the Oregon cases. The only other thing I would say is the Bonnet case, which is the citation to the court's quote, like all these cases, the facts are incredibly confusing. But I think you would find in that case there was a discount of the purchase price, just like in Baxter. So we would just ask the court to reverse on the basis that merger, if the facts as presented by Brent Thompson as to the purchase are true, would not be fair and wouldn't be consistent with Baxter. Thank you. Thank you very much. Thank you, counsel. The case just argued will be submitted for decision, and the court will adjourn.
judges: Ferguson, O'scannlain, Fisher